UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CROSBY,

        Plaintiff,

v.

Case No.

EQUIFAX INFORMATION SERVICES,
LLC, a Georgia corporation, and CREDIT
ACCEPTANCE CORPORATION, a
Michigan corporation,

        Defendants.

---

| | |
|---|---|
| Gary D. Nitzkin (P41155)<br>NITZKIN & ASSOCIATES<br>22142 W. Nine Mile Road<br>Southfield, Michigan 48033<br>gnitzkin@creditor-law.com<br>(248) 353-2882<br><br>*Attorneys for Plaintiff James Crosby* | Stephen W. King (P56456)<br>KING AND MURRAY, PLLC<br>355 S. Old Woodward, Suite 100<br>Birmingham, Michigan 48009<br>sking@kingandmurray.com<br>Tel:  (248) 792-2398<br><br>*Attorneys for Defendant Credit Acceptance Corporation* |

---

## NOTICE OF REMOVAL

Defendant Credit Acceptance Corporation ("Credit Acceptance"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action, which is currently pending in the 38th District Court, Macomb County, Michigan, and states as follows:

## Background

1. On January 20, 2014, Plaintiff James Crosby ("Plaintiff") commenced an action against Credit Acceptance in the 38th District Court, Macomb County, Michigan, by filing a Complaint and Jury Demand ("Complaint"), alleging that Credit Acceptance negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). A copy of Plaintiff's Complaint is attached as Exhibit A.

2. Credit Acceptance was purportedly served with a copy of the Complaint on February 4, 2015.

3. The Complaint constitutes "all process, pleadings and orders served upon" Credit Acceptance in this action to date. 28 U.S.C. § 1446(a).

## Timeliness of Removal

4. Credit Acceptance received notice of this action through the purported service of the Complaint on February 4, 2015. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Credit Acceptance was served with Plaintiff's Complaint.

## Removal Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part: "The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. Specifically, Plaintiff alleges that Credit Acceptance violated the FCRA because it negligently and willfully (a) "failed to conduct a proper reinvestigation of Mr. Crosby's dispute as required by 15 USC 1681s-2(b)" and (b) "failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b)." *See* Exhibit A, paragraphs 14, 15, 21, and 22.

7. Accordingly, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and removal is appropriate pursuant to 28 U.S.C. §§ 1441, 1446.

8. Removal to this Court is proper as the United States District Court for the Eastern District of Michigan embraces Macomb County, Michigan, where the state court action was filed.

### Notice to State Court and Plaintiff

9. Pursuant to 28 U.S.C. § 1446(d), Credit Acceptance is promptly providing written notice of this removal to Plaintiff and will immediately file a copy of this Notice of Removal with the Clerk of the 38th District Court, Macomb County, Michigan.

## Consent

10. Defendant Equifax Information Services, LLC was purportedly served on February 5, 2015, and consents to removal of this action to the United States District Court for the Eastern District of Michigan. *See* Exhibit B.

WHEREFORE, Defendant Credit Acceptance Corporation respectfully requests that the above-entitled action be removed from the 38th District Court, Macomb County, Michigan, to this Court.

KING AND MURRAY PLLC

By: *s/Stephen W. King*
Stephen W. King (P56456)
KING AND MURRAY, PLLC
355 South Old Woodward, Suite 100
Birmingham, Michigan 48009
Tel: (248) 792-2398
sking@kingandmurray.com

*Attorneys for Defendant Credit Acceptance Corporation*

Dated: March 4, 2015

## CERTIFICATE OF SERVICE

Stephen W. King, an attorney, certifies that on March 4, 2015, he electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system and served a copy of same via First Class Mail, proper postage prepaid, on the individual listed below:

Gary D. Nitzkin, Esq.
22142 W. Nine Mile Road
Southfield, MI 48033

/s/ Stephen W. King

EXHIBIT

A

STATE OF MICHIGAN
IN THE 38th DISTRICT COURT

JAMES CROSBY,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
CREDIT ACCEPTANCE CORPORATION,
a Michigan corporation,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com
_____/

RECEIVED 2015 JAN 20 AM 11:56 STATE OF MICHIGAN 38TH DISTRICT COURT

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, JAMES CROSBY, THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN, and for his Complaint against the Defendants, plead as follows:

## VENUE

1. The transactions and occurrences which give rise to this action occurred in the City of Eastpointe, in Macomb County, Michigan.

2. Venue is proper in the 38th District Court in Macomb County, Michigan as the actions and occurrences recited herein occurred in the City of Eastpointe, Macomb County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:
   a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County; and
   b. Credit Acceptance Corporation ("Credit Acceptance") which is a Delaware corporation that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. Defendant Equifax is reporting a trade line with account number 4416**** ("Bogus Trade Line") placed on his consumer credit file by Defendant Credit Acceptance.

6. This Bogus Trade Line does not belong to Mr. Crosby as he is the victim of identity theft.

7. On or about January 13, 2014, Mr. Crosby obtained his Equifax credit report and noticed the Bogus Trade Line. Mr. Crosby called Credit Acceptance to see why it was reporting this trade line as he had never done any business with it. The representatives he spoke told him that the Bogus Trade Line related to an account in his name. Mr. Crosby told the representative that he never owned a car.

8. Sometime in November 2014, Mr. Crosby attempted to file a police report with the Eastpointe Police Department. The police officer that he spoke with advised him that he needed to file a police report in Southfield since that is where Credit Acceptance is located.

2

9. In November 2014, Mr. Crosby attempted to file a police report with the Southfield Police Department and the police officer advised him that he had to file the report in the city where the vehicle was purchased.

10. On or about November 12, 2014, Mr. Crosby filled out an Identity Theft Affidavit regarding the Bogus Trade Line and submitted it along with a dispute letter to Defendant Equifax.

11. Upon information and belief, Defendant Equifax transmitted Mr. Crosby's consumer dispute to Credit Acceptance.

12. On or about January 12, 2015, Mr. Crosby obtained his Equifax credit report which showed that it had retained the Bogus Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ACCEPTANCE

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Equifax of Mr. Crosby's consumer dispute to the Bogus Trade Line, Credit Acceptance negligently failed to conduct a proper reinvestigation of Mr. Crosby's dispute as required by 15 USC 1681s-2(b).

15. Credit Acceptance negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Bogus Trade Line.

16. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Crosby's consumer credit file with Equifax to which it is reporting such trade line.

3

17. As a direct and proximate cause of Credit Acceptance's negligent failure to perform its duties under the FCRA, Mr. Crosby has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. Credit Acceptance is liable to Mr. Crosby by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Mr. Crosby has a private right of action to assert claims against Credit Acceptance arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Credit Acceptance for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ACCEPTANCE

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax that Mr. Crosby disputed the accuracy of the information it was providing, Credit Acceptance willfully failed to conduct a proper reinvestigation of Mr. Crosby's dispute.

22. Credit Acceptance willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

4

23. As a direct and proximate cause of Credit Acceptance's willful failure to perform its respective duties under the FCRA, Mr. Crosby has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Credit Acceptance is liable to Mr. Crosby for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Credit Acceptance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Crosby as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mr. Crosby that was false, misleading and inaccurate.

5

28. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Crosby, in violation of 15 USC 1681e(b).

29. After receiving Mr. Crosby's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Crosby has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

31. Equifax is liable to Mr. Crosby by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Crosby as that term is defined in 15 USC 1681a.

6

34. Such reports contained information about Mr. Crosby that was false, misleading and inaccurate.

35. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Crosby, in violation of 15 USC 1681e(b).

36. After receiving Mr. Crosby's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Crosby has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

38. Equifax is liable to Mr. Crosby by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

7

Respectfully submitted,

January 15, 2015

_____
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>38th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>15-151-GC |

| Court address | Court telephone no. |
|---|---|
| 16101 Nine Mile Rd., Eastpointe, MI 48021 | (586) 445-5020 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), addresses(es), and telephone no(s). |
|---|---|---|
| James Crosby<br>c/o Michigan Consumer Credit Lawyers<br>22142 West Nine Mile Rd.<br>Southfield, MI 48033 | v | Equifax Information Services, LLC<br>CSC-Lawyers Incorporating Services, Inc.<br>East Lansing, MI 48823 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Gary D. Nitzkin (P41155)<br>Nitzkin and Associates<br>22142 W. Nine Mile Road<br>Southfield, MI 48033<br>248-353-2882 |

RECEIVED 2015 JAN 20 AM 11:56 STATE OF MICHIGAN 38TH DISTRICT COURT

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 1-20-15 | 4-21-15 | JW |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Eastpointe, MI | East Lansing, Michigan |

| Place where action arose or business conducted |
|---|
| Eastpointe, Michigan |

01/15/2015
Date                                    Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** <br> I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** <br> Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |
|---|---|---|

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____
Name (type or print) _____
Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAMES CROSBY, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, and CREDIT ACCEPTANCE CORPORATION, <br><br> Defendants. | Civil Action No.: <br><br> Judge <br> Magistrate Judge |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, Defendant Equifax Information Services LLC hereby consents to the removal of this action from the 38th District Court, Michigan, wherein it is now pending, to the United States District Court for the Eastern District of Michigan.

*Authorized Representative for Equifax Information Services LLC*

Date: 2/26/2015

Tameika Montgomery, Esq.
King & Spalding LLP
1180 Peachtree Street, NE

Atlanta, Georgia  30309-3521
Telephone: (404) 215-5957
Email: tmontgomery@kslaw.com

*Counsel for Equifax Information Services LLC*