UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CROSBY,

    Plaintiff,

                                      Case No. 15-10786

v.

                                      Hon. John Corbett O'Meara

CREDIT ACCEPTANCE CORP.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

Before the court is Defendant Credit Acceptance Corporation's motion to compel arbitration, which has been fully briefed. For the reasons explained below, Defendant's motion is denied.

**BACKGROUND FACTS**

Plaintiff James Crosby contends that Defendant Credit Acceptance Corporation violated the Fair Credit Reporting Act by reporting and failing to request the removal of certain information from his credit report. Plaintiff claims that he is a victim of identity theft and that the debt reported – for the purchase of a Chrysler PT Cruiser – did not belong to him.

Credit Acceptance Corporation ("CAC") states that Plaintiff purchased a

used vehicle in March 2012 from Monarch Car Corporation in Detroit, Michigan. According to CAC, Plaintiff signed a retail installment contract, which contained an arbitration clause. CAC contends that Plaintiff made 25 of the 42 payments under the contract before defaulting. The default was reported on Plaintiff's credit report. Based upon the arbitration clause in the installment contract, CAC argues that this matter must proceed to arbitration.

Plaintiff disputes the debt and contends that he never signed the retail installment contract, has never done business with Monarch Car Corporation or Credit Acceptance Corporation, has never purchased a Chrysler PT Cruiser, and never made the payments on the vehicle. See Pl.'s Ex. A (Affidavit of James Crosby).

## LAW AND ANALYSIS

Under the Federal Arbitration Act, a written agreement to arbitrate disputes arising out of a transaction in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."

Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003).

Here, the parties dispute whether a valid agreement to arbitrate exists. "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." Great Earth Cos., Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002). This showing "mirrors that required to withstand summary judgment in a civil suit." Id. Accordingly, the court views "all facts and inferences drawn therefrom in the light most favorable" to the nonmoving party and determines "whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." Id.

Plaintiff has presented evidence, in the form of a sworn affidavit, that he was the victim of identity theft and did not sign the retail installment contract containing the arbitration clause. Although Defendant suggests that Plaintiff's statement is not credible, the court must view the evidence in the light most favorable to Plaintiff. Plaintiff contends that he did not sign the agreement, and it "is firmly established that an arbitration clause obtained by forgery is not valid." Fazio v. Lehman Bros. Inc., 340 F.3d 386, 397 (6th Cir. 2001). Because a reasonable finder of fact could conclude that no valid arbitration agreement exists, the court will deny Defendant's motion at this time. A final determination on

Defendant's motion requires a trial on the issue of the validity of the agreement. See 9 U.S.C. § 4; Great Earth, 288 F.3d at 889 ("If the validity of the agreement to arbitrate is 'in issue,' the court must proceed to a trial to resolve the question."); Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 856 (11th Cir. 1992) (directing district court to proceed to trial pursuant to 9 U.S.C. § 4 on whether parties are bound by agreement to arbitrate).

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to compel arbitration is DENIED.

        s/John Corbett O'Meara
        United States District Judge

Date: July 10, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 10, 2015, using the ECF system.

        s/William Barkholz
        Case Manager